# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| RICKY EASTEP | § | |
| | § | |
| V. | § | A-17-CV-059-LY |
| | § | |
| CITY OF ODESSA, OFFICER | § | |
| KENDRICK BARRAGAN, AND | § | |
| OFFICER GARY POTTER | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), filed on March 22, 2017 (Dkt. No. 2); Plaintiff's Opposition to Defendants' Motion to Transfer Venue, filed on March 28, 2017 (Dkt. No. 4); and Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Transfer, filed on March 29, 2017 (Dkt. No. 6). The District Court referred the above-motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules.

### I.  GENERAL BACKGROUND

This lawsuit arises of an incident that occurred on December 7, 2015 in Odessa, Texas. At the time, Plaintiff Ricky Eastep ("Eastep") was a resident of an apartment complex located at 213 Carver Avenue, in Odessa, Texas. After returning to his apartment complex in the early morning hours of December 7, 2015, Eastep, who is a paraplegic, wheeled himself to the front door of his apartment and allegedly had a seizure. Defendants claim that Eastep had passed out because he was intoxicated. Regardless, a concerned neighbor called 9-1-1. Odessa Fire Department Medics responded to the 9-1-1 call and determined that Eastep did not need medical care and left the scene.

Shortly thereafter, Odessa Police Department Officers Gary Potter and Kendrick Barragan ("Officers"), also responding to the 9-1-1 call, arrived at the scene and decided to arrest Eastep for public intoxication. Eastep alleges that while Officers Potter and Barragan were attempting to lift him out of his wheelchair and into the patrol car, they threw him on the ground breaking his femur in the process. The Odessa Fire Department Medics returned to the scene and transported Eastep to the local hospital. Eastep underwent surgery the following day and spent nine days in the hospital.

On January 26, 2017, Eastep filed the instant civil rights lawsuit against the City of Odessa ("Odessa") and Officers Potter and Barragan (collectively "Defendants"), alleging excessive force and unreasonable seizure and arrest in violation of 42 U.S.C. § 1983, as well as state claims under the Texas Tort Claims Act and for assault and battery.

Defendants have now filed a Motion to Transfer this case from the Austin Division to the Midland-Odessa Division of the Western District of Texas pursuant to 28 U.S.C. § 1404(a). Eastep opposes the Motion to Transfer claiming that he "cannot be guaranteed a fair trial in the Midland-Odessa Division."

## II. ANALYSIS

**A.  Standard of Review on Motion to Transfer**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*,

2

376 U.S. 612, 622 (1964)). "There can be no question but that the district courts have broad discretion in deciding whether to order a transfer" under § 1404(a). *In re Volkswagen of Am., Inc.* (*"Volkswagen II"*), 545 F.3d 304, 313–15 (5th Cir. 2008) (internal quotation marks omitted), *cert. denied*, 555 U.S. 1172 (2009).

The starting point on a motion for transfer of venue is determining whether the suit could have originally been filed in the destination venue. *Id.* at 312. If it could have, the focus shifts to whether the party requesting the transfer has demonstrated the "convenience of parties and witnesses" requires transfer of the action, considering various private and public interests. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. Although the *Gilbert* factors are "appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." In fact, the Fifth Circuit has noted "none . . . can be said to be of dispositive weight." *Volkswagen II*, 545 F.3d at 313–15 (internal quotations omitted). Despite the wide array of private and public concerns, a court must engage in a "flexible and individualized analysis" in ruling on a motion to transfer venue. *Stewart*, 487 U.S. at 29.

3

The plaintiff's choice of venue is not a factor in this analysis, but rather contributes to the defendant's burden to show good cause for the transfer. *Volkswagen II*, 545 F.3d at 313 & 314 n.10 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315. Moreover, "when a plaintiff is not a resident of the chosen forum, or the operative facts underlying the case did not occur in the chosen forum, the court will not give as much deference to a plaintiff's choice." *Apparel Prod. Servs. Inc. v. Transportes De Carga Fema, S.A.*, 546 F. Supp.2d 451, 453 (S.D. Tex. 2008).

Transfer under § 1404(a) requires a lesser showing of inconvenience than transfer based on forum non conveniens. *Volkswagen II*, 545 F.3d at 314. The movant need not show the *Gilbert* factors substantially outweigh the plaintiff's choice of venue—it is enough to show the new venue is clearly more convenient than the original one. Finally, the Court notes that the "§ 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Limited,* 720 F.3d 285, 288 (5th Cir. 2013).

**B.     Application**

    **1.     Threshold Issue**

The first question the Court must address when considering a motion to transfer venue under 28 U.S.C. § 1404(a) is whether the suit originally could have been filed in the destination venue, here, the Midland-Odessa Division of the Western District of Texas.

Venue in a civil rights action is governed by 28 U.S.C. § 1391(b), which provides that venue is proper in a judicial district: (1) where any defendant resides; (2) where a substantial part of the

4

events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. *Davis v. Louisiana State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989); 28 U.S.C. § 1391(b). All of the Defendants reside in the Midland-Odessa Division and all of the claims in this lawsuit arise out of events that occurred in the Midland-Odessa Division. Accordingly, this lawsuit clearly could have been brought in the Midland-Odessa Division. Thus, the Court must now address the private and public factors to determine if transfer to the Midland-Odessa Division is warranted.

> **2.    Private Interest Factors**

The first private interest factor is the relative ease of access to sources of proof. *Volkswagen II*, 545 F.3d at 315. All of the events or omissions giving rise to this lawsuit occurred in Odessa, Texas, which is in the Midland-Odessa Division. All of the Defendants and witnesses other than the Plaintiff are also located in the Midland-Odessa Division. Furthermore, the documents and facilities for the City of Odessa Police Department, the Odessa Fire Department Medics and the hospital are also located in Odessa. Accordingly, this factor weighs in favor of transfer.

The second and the third factors, the availability of compulsory process and cost of transportation for witnesses also weigh in favor of transfer. As noted, all of the Defendants in this case reside within the Midland-Odessa Division. Similarly, the potential fact witnesses, including the Odessa Fire Department Medics and Eastep's neighbors all live in the Midland-Odessa Division. Austin is approximately 300 miles from the Midland-Odessa area. Accordingly, the Midland-Odessa area is outside the subpoena power of the Austin Division for depositions and hearings. *See* FED. R. CIV P. 45(c). As the Fifth Circuit explained in *Volkswagen I*, 371 F.3d at 205, if the distance

5

between the proposed venue and the current venue is more than 100 miles, the factor of inconvenience increases in direct relationship to the distance traveled. As the Court reasoned:

> Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment. Furthermore, the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour.

*Id.* Plaintiff has failed to identify any witnesses who reside within 100 miles of the Austin Division. The only party or witness who does not live in the Midland-Odessa area is the Plaintiff, who now lives in Lubbock County, Texas. However, the Austin Division is approximately 250 miles *farther* from Plaintiff's residence than the Midland-Odessa Division. Accordingly, these factors weigh in favor of transfer.

Finally, the Court is to examine "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.3d at 203. All of the Defendants and witnesses reside in the Midland-Odessa Division. The conduct at issue in this case occurred in the Midland-Odessa Division. There does not appear to be anything about trying the case in the Austin Division that would make it easy, expeditious or inexpensive for anyone involved in the case. Accordingly, this factor also supports transfer.

### 3. Public Interest Factors

The public interest factors also counsel in favor or transfer. As Defendants point out, in 2016, the Austin Division experienced the largest number of civil case filings of any division in the Western District of Texas with 1,444 civil cases filed. In contrast, only 425 civil cases were filed

6

in the Midland-Odessa Division in 2016. These figures suggest that it would not be a prudent use of judicial resources for this Court to resolve a dispute that has no real connection with this forum.

In addition, the local interest factor clearly favors transfer. Given that all of the events and omissions giving rise to this lawsuit occurred in the Midland-Odessa Division, the citizens in that division have a direct interest in the civil rights allegations made in this lawsuit. *See Volkswagen I*, 371 F.3d at 206 (finding that "the 'local interest in having localized interests decided at home,' weighs heavily in favor of the Western District of Texas."); *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 792 (S.D. Tex. 2005) ("Moreover, Lubbock has a strong interest in this case because the case arises out of events occurring in Lubbock."). Accordingly, this factor also favors transfer. The last two public interest factors are neutral as both divisions are equally familiar with the governing law, and there should not be any problems with conflict of laws or the application of foreign law in this case.

Weighing all of the private and public factors, the Court finds that the Midland-Odessa Division is clearly a more convenient venue for this case than the Austin Division of the Western District of Texas.

**C.      Plaintiff's Concerns**

Eastep does not contest any of the public and private factors discussed above. Nevertheless, Eastep opposes the Motion to Transfer because he contends that he "cannot be guaranteed a fair trial in the Midland-Odessa Division." Dkt. No. 4 at 1. He claims "he left Midland/Odessa to be safer and free from perceived and, from his perspective, realized threats made by the City of Odessa through Officers Barragan and Potter." *Id.* at p. 3. Eastep claims he chose the Austin Division

7

"because he is fearful of returning to the Midland-Odessa area after the incident made the basis of this suit occurred." *Id.*

Other than his subjective belief, Eastep fails to offer any evidence to support his claim he is in danger or that he will not be able to receive a fair trial in the Midland-Odessa Division. Eastep's subjective opinions without any supporting evidence have little probative value. *See Doe v. City of San Angelo*, 2009 WL 5033936, at *6 (N.D. Tex. Dec. 21, 2009) ("Without some empirical evidence that plaintiff cannot receive a fair trial in San Angelo, the court is unable to conclude that the 'interest of justice' requires keeping this case in Dallas—a venue that has absolutely no connection to the facts or to the parties."); *Prock v. Woodmont Sherman GP, L.L.C.*, 2007 WL 1079940 at *3 (E.D. Tex. Apr. 9, 2007) (mere possibility of unfairness and prejudice among potential jurors in Sherman Division because they patronize marketplaces developed by defendant did not prevent transfer of case to Sherman).

Moreover, this case will be litigated in Federal Court, not state court in the Midland-Odessa area. Accordingly, any concerns regarding local prejudices will be alleviated. *See Bristol-Myers Squibb Co. v. Safety Nat. Cas. Corp.*, 43 F. Supp. 2d 734, 740 (E.D. Tex. 1999) ("the right of removal was designed to protect nonresidents from the local prejudices of state courts.").

Based upon the foregoing, the Court finds that Defendants have sustained their burden to demonstrate that the Midland-Odessa Division is a clearly more convenient venue than the Austin Division. Accordingly, this case should be transferred pursuant to 28 U.S.C. § 1404(a).

### III. RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' motion (Dkt. No. 2), and **TRANSFER** this case to the Midland-Odessa Division of the Court.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 12th day of June, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE